IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-616

 No. COA20-884

 Filed 16 November 2021

 Moore County, No. 18 CVD 194

 EDDIE DWAYNE PURVIS, Plaintiff,

 v.

 CONSTANCE BAKER PURVIS, Defendant.

 Appeal by Defendant from order entered 18 September 2019 by Judge Warren

 McSweeney in Moore County District Court. Heard in the Court of Appeals 7

 September 2021.

 Van Camp, Meacham, & Newman, PLLC, by Whitney Shea Phillips Foushee,
 for Plaintiff-Appellee.

 Kreider Law, PLLC, by Jonathan G. Kreider for Defendant-Appellant

 WOOD, Judge.

¶1 Defendant Constance Purvis (“Defendant”) appeals an order in which the trial

 court classified student loans acquired by the parties in the name of the Plaintiff

 Eddie Purvis (“Plaintiff”) for the benefit of their adult daughter as marital property.

 After careful review of the record and applicable law, we affirm the order of the trial

 court.

 I. Factual and Procedural Background
 PURVIS V. PURVIS

 2021-NCCOA-616

 Opinion of the Court

¶2 On September 24, 1988, Plaintiff and Defendant married. The parties

 separated on February 25, 2017. While the parties were married, they shared one

 joint bank account. The parties had a daughter who attended Sweet Briar College

 (“Sweet Briar”) from 2009 until 2013. During her time at Sweet Briar, the parties’

 daughter acquired several student loans in her name, and Plaintiff acquired student

 loans in his name. The loans Plaintiff acquired were administered through Great

 Lakes Educational Loan Services, Inc.1 (“Great Lakes”). The Great Lakes loans were

 used by the parties’ daughter for tuition, books, and living expenses.

¶3 Plaintiff contends that, although the Great Lakes loans were incurred in his

 sole name, the parties made a joint decision in acquiring the loans in question.

 According to Plaintiff’s affidavit, the parties decided the Great Lakes loans would be

 in Plaintiff’s name only due to a discrepancy in the parties’ credit scores. Defendant

 is the one who completed and submitted the application for the loans and used her

 personal email address. Plaintiff did not use the Federal Student Aid website

 through which the loans were acquired. At some point, Defendant’s mother co-signed

 loan documents for one of the Great Lakes loans.

 1 Great Lakes is a student loan servicer chosen by the U.S. Department of Education

 to service federal student loans. Great Lakes provides federal borrowers with information
 concerning the repayment of their federal loans and manages the repayment of such loans.
 See Great Lakes Educational Loan Services, Inc.,
 https://mygreatlakes.org/educate/knowledge-center/transferred-loan-questions.html.
 PURVIS V. PURVIS

 2021-NCCOA-616

 Opinion of the Court

¶4 Disbursements for the Great Lakes loans occurred on September 9, 2009 in the

 amount of $31,433.72; September 8, 2010 in the amount of $34,229.51; September 7,

 2011 in the amount of $36,442.61; and September 12, 2012 in the amount of

 $42,441.84. The outstanding debt of the Great Lakes loans was $164,163.00 on the

 date of separation in 2017. The disbursements for the Great Lakes loans were made

 directly to Sweet Briar, and the parties used their joint bank account to make the

 payments on the Great Lakes loan.

¶5 On August 5, 2019, Defendant filed a motion for summary judgment, seeking

 a declaration that the Great Lakes loans were separate, rather than marital,

 property. The trial court denied Defendant’s motion on September 18, 2019.2 In its

 written order, the trial court found “there is no genuine issue of material fact to be

 resolved . . . and that partial summary judgment should be instead entered in favor

 of . . . Plaintiff declaring that the Great Lakes Student Loan . . . is marital property

 as a matter of law.”

¶6 On March 20, 2020, the trial court entered its equitable distribution order, in

 which it found the Great Lakes loans were marital property.3 . Plaintiff was assigned

 75% of the outstanding balance of the loans, and Defendant was assigned 25% of the

 2 It is from this order Defendant appeals. Defendant’s notice of appeal does not
 indicate she appeals from the trial court’s equitable distribution order entered on March 20,
 2020.
 3 Defendant does not appeal the trial court’s equitable distribution order.
 PURVIS V. PURVIS

 2021-NCCOA-616

 Opinion of the Court

 outstanding balance of the loans. Defendant filed her notice of appeal on June 18,

 2020.

 II. Discussion

¶7 In her sole argument on appeal, Defendant contends the trial court erred in

 classifying the Great Lakes loans as marital property. We disagree.

¶8 As a preliminary matter, we note that Defendant argues in her appellate

 briefing that she appeals from the trial court’s equitable distribution order.

 Generally, an

 equitable distribution order is a final judgment of a district
 court in a civil action under N.C. Gen. Stat. § 7A–27(c)
 (2009). On appeal, when reviewing an equitable
 distribution order, this Court will uphold the trial court’s
 written findings of fact “as long as they are supported by
 competent evidence.” Gum v. Gum, 107 N.C. App. 734, 738,
 421 S.E.2d 788, 791 (1992). However, the trial court’s
 conclusions of law are reviewed de novo. Lee v. Lee, 167
 N.C. App. 250, 253, 605 S.E.2d 222, 224 (2004). Finally,
 this Court reviews the trial court’s actual distribution
 decision for abuse of discretion. White v. White, 312 N.C.
 770, 777, 324 S.E.2d 829, 833 (1985).

 Mugno v. Mugno, 205 N.C. App. 273, 276, 695 S.E.2d 495, 498 (2010). However,

 Defendant’s written notice of appeal does not state she appeals the trial court’s

 equitable distribution order entered on March 20, 2020; rather, Defendant appeals

 the trial court’s summary judgment order entered on September 18, 2019.

 Accordingly, we review summary judgment orders de novo. Raymond v. Raymond,
 PURVIS V. PURVIS

 2021-NCCOA-616

 Opinion of the Court

 257 N.C. App. 700, 708, 811 S.E.2d 168, 173 (2018) (citation omitted). Summary

 judgment “is appropriate only when the record shows that there is no genuine issue

 as to any material fact and that any party is entitled to a judgment as a matter of

 law.” Id. at 708, 811 S.E.2d at 173-74 (quoting In re Will of Jones, 362 N.C. 569, 573,

 669 S.E.2d 572, 576 (2008) (citation and quotation marks omitted)); see also Harroff

 v. Harroff, 100 N.C. App. 686, 689, 398 S.E.2d 340, 342-43 (1990) (citing Ledford v.

 Ledford, 49 N.C. App. 226, 228, 271 S.E.2d 393, 396 (1980)). As the parties dispute

 the trial court’s classification of the Great Lakes loans as marital property and do not

 contend there are any genuine issues of material fact, we limit our review to the trial

 court’s classification of the loans.

¶9 In accordance with the North Carolina Equitable Distribution Act, the trial

 court is statutorily mandated to determine whether property is marital, divisible, or

 separate property. See N.C. Gen. Stat. § 50-20 (2020). When making an equitable

 distribution determination,

 the trial court is required to follow a three-step analysis:
 (1) identify the property as either marital, divisible, or
 separate property after conducting appropriate findings of
 fact; (2) determine the net value of the marital property as
 of the date of the separation; and (3) equitably distribute
 the marital and divisible property.

 Mugno, 205 N.C. App. at 277, 695 S.E.2d at 498 (citing Little v. Little, 74 N.C. App.

 12, 16-20, 327 S.E.2d 283, 287-89 (1985)); see also Turner v. Turner, 64 N.C. App. 342,
 PURVIS V. PURVIS

 2021-NCCOA-616

 Opinion of the Court

 345-46, 307 S.E.2d 407, 408-09 (1983).

¶ 10 In the present appeal, Defendant contends the trial court erred in classifying

 the Great Lakes loans as marital property because educational degrees are excluded

 from marital property for the purpose of equitable distribution. While Defendant

 correctly notes that our legislature excluded educational degrees under the

 definitions of marital and separate property, the question before this Court is

 whether the Great Lakes loans are a marital debt.

¶ 11 Notably, N.C. Gen. Stat. § 50-20 does not define “marital debt.” N.C. Gen. Stat.

 § 50-20. However, Section 50-20 defines “marital property” as “property acquired by

 either spouse or both spouses during the course of the marriage and before the date

 of the separation. . . . It is presumed that all property acquired after the date of

 marriage and before the date of separation is marital property.” N.C. Gen. Stat. § 50-

 20(b)(1); see also Huguelet v. Huguelet, 113 N.C. App. 533, 536, 439 S.E.2d 208, 210

 (1994). Separate property, conversely, is “property acquired by a spouse before

 marriage or acquired by a spouse by devise, descent, or gift during the course of the

 marriage.” N.C. Gen. Stat. § 50-20(2).

¶ 12 Debt, under North Carolina law, is not treated differently from assets.

 Huguelet, 113 N.C. App. at 536, 439 S.E.2d at 210. Thus, “[a] martial debt . . . is one

 incurred during the marriage and before the date of separation by either spouse or

 both spouses for the joint benefit of the parties.” Id. (citations omitted). “The party
 PURVIS V. PURVIS

 2021-NCCOA-616

 Opinion of the Court

 claiming the debt to be marital has the burden of proving the value of the debt on the

 date of separation and that it was ‘incurred during the marriage for the joint benefit

 of the husband and wife.’ ” Miller v. Miller, 97 N.C. App. 77, 79, 387 S.E.2d 181, 183

 (1990) (quoting Byrd v. Owens, 86 N.C. App. 418, 424, 358 S.E.2d 102, 106 (1987));

 see also White v. White, 312 N.C. 770, 776, 324 S.E.2d 829, 832 (1995). Here, the

 parties do not dispute that the Great Lakes loans were incurred during the marriage

 and before the date of separation. The only issue before us is whether the loan was

 “for the joint benefit of the parties.” See Miller, 97 N.C. App. at 79, 387 S.E.2d at 183.

¶ 13 While our Court has addressed the classification of a spouse’s educational

 degree and its associated student loans, see Haywood v. Haywood, 106 N.C. App. 91,

 99, 415 S.E.2d 565, 570 (1992) (holding “educational degrees, like professional

 degrees and business licenses, are personal to their holders . . . and are not property

 for the purposes of equitable distribution.”), modified, 332 N.C. 342, 425 S.E.2d 696

 (1993); see also Baldwin v. Baldwin, No. COA13-874, 232 N.C. App. 521, 2014 WL

 636344 (N.C. Ct. App. Feb. 18, 2014) (unpublished) (holding that student loans

 incurred to further the plaintiff’s education were separate property), no North

 Carolina court has considered student loan debt on these facts.

¶ 14 Other jurisdictions, however, have examined the issue of student loan debts

 acquired by one of the parties on behalf of adult children. In McGuire v. McGuire, 11

 Neb. App. 433, 652 N.W.2d 293 (2002), the Nebraskan appellate court held that a
 PURVIS V. PURVIS

 2021-NCCOA-616

 Opinion of the Court

 student loan incurred for the couple’s adult child “was not incurred to satisfy an

 obligation of either party” and, thus, separate property. 11 Neb. at 449, 652 N.W.2d

 at 305. Similarly, in Palin v. Palin, 41 A.3d 248 (R.I. 2012), the Rhode Island

 Supreme Court held that student loans incurred by one spouse for the benefit of the

 parties’ adult daughter was not marital debt. Notably, in both McGuire and Palin,

 the spouse arguing that student loans for the benefit of an adult child does not

 constitute marital property lacked prior knowledge of and did not consent to incurring

 the loans in question. McGuire, 11 Neb. at 448-49, 652 N.W. at 305; Palin, 41 A.3d

 at 257.

¶ 15 Conversely, in Vergitz v. Vergitz, 2007-Ohio-1395 (Ohio Ct. App. Mar. 23, 2007)

 (unpublished), an Ohio appellate court affirmed the classification of student loan debt

 incurred for an adult child as marital property. 2007-Ohio-1395, ¶ 13-16; see also

 Cooper v. Cooper, 2013-Ohio-4433 (Ohio Ct. App. Oct. 7, 2013) (unpublished). In

 Vergitz, the court noted, “The important point is the loans were debt incurred during

 the marriage” and “the loan agreement . . . could be treated as any other expenditure

 that married couples make.” Vergitz, 2007-Ohio-1395, ¶ 13. In Cooper, the Ohio Court

 of Appeals held that student loan debt incurred during the marriage for the benefit

 of the parties’ adult son was presumed marital. 2013-Ohio-443, ¶ 21. In so doing, the

 court noted “the mere fact that the debt was in [the] [h]usband’s name alone is not

 enough to establish that the debt was . . . separate debt.” Id. We find the reasoning
 PURVIS V. PURVIS

 2021-NCCOA-616

 Opinion of the Court

 in Vergitz and Cooper persuasive and adopt it herein.

¶ 16 Here, the parties do not dispute that there was a joint agreement to incur the

 debt. Nor do the parties dispute that Defendant actively participated in obtaining

 the loans. The parties’ affidavits demonstrate there was a joint benefit, in that their

 daughter’s tuition, books, and living expenses were covered by the loan rather than

 out-of-pocket expenses. Further, “providing [their] daughter with a formal education

 was something that [they] both wanted and agreed, to do.” Although this is not a

 tangible benefit in that the Great Lakes loans were not deposited in the parties’

 account, a tangible benefit is not required under North Carolina law. Warren v.

 Warren, 241 N.C. App. 634, 637, 773 S.E.2d 135, 137-38 (2015) (“Although our Courts

 have not specifically defined what constitutes a joint benefit in the context of marital

 debt, this Court has never required that the marital unit actually benefited from the

 debt incurred.”). Accordingly, we hold the trial court did not err in classifying the

 Great Lakes loans as marital property, where the loans were obtained during the

 marriage for the parties’ adult daughter.

 III. Conclusion

¶ 17 After careful review of the record and applicable law, we affirm the order of the

 trial court. It is so ordered.

 AFFIRMED.

 Judges HAMPSON and GORE concur.